## The State of Massachusetts ads. The State of Rhode Island.

The state of Massachusetts, after having appeared to process issued against her, at the suit of the state of Rhode Island, on a bill filed for the settlement of boundary, and after having filed an answer and plea to the bill, an, having failed in a motion to dismiss the bill for want of jurisdiction, was, on motion of her counsel, allowed to withdraw her appearance.

The cases of The State of New York v. The State of New Jersey, 5 Peters, 287; Grayson v. The Commonwealth of Virginia, 3 Dall. 320; 1 Cond. Rep. 141; Chisholm's Executors v. The State of Georgia, 2 Dall. 419; 1 Cond. Rep. 6, cited.

In the case of The State of Rhode Island v. The State of Massachusetts, ante page 657, the Court did not mean to put the jurisdiction of the Supreme Court on the ground that jurisdiction was assumed in consequence of the state of Massachusetts having appeared in that cause. It was only intended to say, that the appearance of the state superseded the necessity of considering the question, whether any and what course would have been adopted by the Court, if the state had not appeared. The Court did not mean to be understood, that the state had concluded herself, on the ground that she had voluntarily appeared; or, that if she had not appeared, the Court would not have assumed jurisdiction of the case. Being satisfied the Court had jurisdiction of the subject matter of the bill, so far at least as respected the question of boundary, all inquiry as to the mode and manner in which the state was to be brought into Court, or what would be the course of proceeding, if the state declined to appear, became entirely unnecessary.

The practice seems to be well settled, that in suits against a state; if the state shall neglect to appear, on due service of process, no coercive measures will be taken to compel appearance, but the complainant will be allowed to proceed, ex parte.

MR. WEBSTER, in behalf of the state of Massachusetts, as her attorney and counsel in Court, moved the Court for leave to withdraw the plea filed in this case, on the part of the state of Massachusetts; and also the appearance which has been entered in this Court, for the said state.

Mr. Hazard, counsel for the state of Rhode Island, moved the Court for leave to withdraw the general replication to the defendant's plea, in bar and answer; and to amend the original bill.

Mr. Webster, in support of his motion, stated that the governor of the state of Massachusetts had given him authority to represent the state; and to have it determined by the Court, whether it had jurisdiction of the case. This authority is dated November 30th, 1833. It directs him to object to the jurisdiction, and to defend the cause. The appearance of Massachusetts was voluntary; it was not

[The State of Massachusetts ads The State of Rhode Island.]

intended, by the appearance, to admit the validity of the proceeding, or the regularity of the process. It was not supposed that the state of Massachusetts would sustain any prejudice by this course. If the Court had no jurisdiction in the matter set out in the bill, the appearance of the state represented by him would not give it. It was thought most respectful to the Court, and proper in the cause, to file the plea with an intention to move the question of jurisdiction, at a subsequent time. Nothing has been done by the state of Massachusetts since; and this Court has determined not to dismiss the bill of the complainants.

The Court has given an opinion in favour of their jurisdiction in the case. In the course of the argument, it appeared that certain difficulties, which might have existed in the case, had been removed by the appearance and plea; that jurisdiction was affirmed by the appearance and plea. It was said, if the question was on the bill only the situation of the case might be different.

There is a great deal, from which it may be inferred that if Massachusetts, had stood out, contumaciously, there would be no authority in the Court to proceed against her, in this case. But it was not for that state to stand off, and put the Court to defiance. If, then, the state, by considerations of respect; if from a desire to have the question of jurisdiction settled, Massachusetts has appeared; this Court will not permit advantage to be taken of such an act, induced by such motives, and for such a purpose.

It is the desire of the counsel for the state of Massachusetts to withdraw the plea and appearance; and to place the case in the same situation as it would have been, had there not been process. If a fair inference may be made, that the state has appeared to the process of the Court, leave is asked to withdraw the appearance. It will be determined, hereafter, what course will be pursued by the state of Massachusetts.

Mr. Hazard, against the motion made by Mr. Webster, cited Knox & Crawford v. Summers & Thomas, 3 Cranch, 421, 496; 1 Cond. Rep. 607. In that case, it was decided, that the appearance of the party was a waiver of all the errors in the proceedings. In that case, one of the parties was out of the jurisdiction of the Court; and yet having appeared to the process, the right of the Court to proceed in the case could not be denied.

The authority given by the governor of the state of Massachu-

setts, which is of record in this case, is ample to all the purposes of this suit. It is an authority to appear and defend the case, and to object to the jurisdiction. Can the counsel of the state disappear? If they do, they can carry nothing with them. The argument which was submitted to the Court, on the motion to dismiss this cause, precludes this. They cannot disappear, and carry the plea with them.

The application is heterogeneous in its character. It is to withdraw the plea; this may be done, and the Court may allow it. It is also to withdraw the appearance; this is contradictory to the other application, and is made by the state of Massachusetts, denying its being bound to comply with the process, after having appeared to it.

Mr. Southard:

By the facts of the case, an answer is given to the motion on the part of the state of Massachusetts. A bill was filed on behalf of the state of Rhode Island, and an application was made for process. After advisement, the case being held over for one year, the process was ordered, and was served on the state of Massachusetts. The state then gave a written authority to counsel to appear in the cause, to object to the jurisdiction, and to do whatever was necessary in the suit; and an appearance was entered. After this, a plea was put in to the merits, and not a demurrer to the jurisdiction of the Court. The delay of the state of Rhode Island to proceed in the case, can have no effect on the cause. The question is, whether, after appearance, plea, and answer, the party can withdraw from the cause, and the cause stand as if no appearance had been entered.

The appearance of the counsel for the state of Massachusetts was general; and it was followed by an application for a continuance, and for leave to plead, answer or demur. At the following term in January, 1835, a plea and answer were filed. At the January term, 1836, an agreement was made by the counsel in the cause, that the complainant should file a replication within six months. This was done; and in 1837 the application of one of the counsel for the complainant for a continuance was opposed, and was argued by the counsel for the state of Massachusetts. Thus the whole action of the counsel for the defendant was such as a party fully before the court would adopt and pursue. There was no question made as to the jurisdiction. The appearance was not followed by a motion to dismiss the bill on that ground; nor was the general appearance explained by its being followed by such a motion. After all these proceedings on behalf

of the state of Massachusetts, and after the lapse of four years from the appearance of the state by the authority of the governor, giving full power to counsel to act in the cause, a motion to dismiss the cause, for want of jurisdiction, was made by the state of Massachusetts, and was argued. This motion having failed, the Court are now asked to consider the case as if Massachusetts had not appeared; and as if process had not been issued in the cause.

It appears that upon a statement of the case, no further reply to the application on the part of the state of Massachusetts is necessary. The purpose of it is to avoid the effect of the judgment of this Court on the motion to dismiss this bill, to withdraw from the cause. This could not be done in a private case; and why should it be allowed in a case between states?

The counsel seems to found his motion on something in the case, by which it would appear that if no appearance had been entered, the Court would not have taken jurisdiction of the cause; and desires, therefore, to put himself in the situation he would have been in had he not appeared. Suppose a demurrer to this jurisdiction had been put in, could the party after the question had been argued, and decided against the demurrer, move to dismiss the case for want of jurisdiction. This was never heard of.

Mr. Webster, in reply:

The authority to the counsel for the state of Massachusetts to appear in the cause, is no part of the record, and is no part of the case. The object of the motion is, that if any thing has been done by Massachusetts to her prejudice, she may have liberty to withdraw it. She has done it by mistake—process having been issued against her she came in and appeared to it.

Is it considered that this Court has a right to issue process against a state; and that it is the duty of the state to obey the process? If this is so, there is an end of the motion. But if the right of the Court to issue process is not determined, and yet the process has been issued, and the state of Massachusetts has come in, and has appeared; although there was no right to issue the process, the state should sustain no prejudice from having appeared for the purpose of having the question of jurisdiction settled. It is yet to be determined, whether the Court can issue process against a state; and, Massachusetts is not to be entrapped by any thing done by her, before this shall be decided. If the state of Massachusetts, from respect to the

Court has appeared, she asks the Court to say that there is a right to issue process against a state, and she will obey; but if wrongfully issued, she asks that she shall not be affected by what she has done.

Mr. Justice THOMPSON delivered the opinion of the Court:

A motion has been made on the part of the state of Massachusetts, for leave to withdraw the plea filed on the part of that state; and also to withdraw the appearance heretofore entered for the state.

A motion has also been made on the part of Rhode Island, for leave to withdraw the general replication to the defendant's answer and plea in bar; and to amend the original bill filed in this case.

The motion on the part of the state of Massachusetts, to withdraw the appearance heretofore entered, seems to be founded on what is supposed to have fallen from the Court at the present term, in the opinion delivered upon the question of jurisdiction in this case. It is thought that opinion is open to the inference that jurisdiction is assumed, in consequence of the defendant's having appeared in the cause. We did not mean to put the jurisdiction of the Court upon that ground. It was only intended to say, that the appearance of the state, superseded the necessity of considering the question whether any and what course would have been adopted by the Court, if the state had not appeared. We certainly did not mean to be understood, that the state had concluded herself on the ground that she had voluntarily appeared; or that if she had not, we could not have assumed jurisdiction of the case. But being satisfied that we had jurisdiction of the subject matter of the bill, so far at least as respected the question of boundary, all inquiry as to the mode and manner in which the state was to be brought into Court, or what would be the course of proceeding if the state declined to appear, became entirely unnecessary. But as the question is now brought directly before us, it becomes necessary to dispose of it. We think, however, that the course of decisions in this Court, does not leave us at liberty to consider this an open question.

In the case of the State of New Jersey v. The State of New York, 5 Peters, 287, this question was very fully examined by the Court; and the course of practice considered as settled by the former decisions of the Court, both before and after the amendment of the constitution; which declared, that the judicial power of the United States shall not extend to any suit in law or equity, commenced or prosecuted against a state by citizens of another state, or subjects of any

foreign state. This amendment did not affect suits by a state against another state; and the mode of proceeding in such suits, was not at all affected by that amendment.

We do not propose to enter into this question, any farther than briefly to notice what the Court has already decided upon the practice in this respect. These cases were reviewed in the case referred to, of New Jersey v. New York; and the practice found to have been established by former decisions of the Court, as far as it went, was adopted. And the Court went a step farther, and declared what would be the course of proceeding in a stage of the cause, beyond which former decisions had not found it necessary to prescribe such course.

The Court, in the case of New Jersey v. New York, commence the opinion by saying: "This is a bill filed for the purpose of ascertaining and settling the boundary between the two states." And this is precisely the question presented in the bill now before us. And it is added, that congress has passed no act for the special purpose of prescribing the mode of proceeding in suits instituted against a state.

The precise question was, therefore, presented, whether the existing legislation of congress was sufficient to enable the Court to proceed in such a case; without any special legislation for that purpose. And the Court observed, that at a very early period of our judicial history, suits were instituted in this Court, against states; and the questions concerning its jurisdiction were necessarily considered.

An examination of the acts of congress, in relation to process and proceedings, and the power of the Court to make and establish all necessary rules for conducting business in the courts, is gone into, and considered sufficient to authorize process and proceedings against a state; and the Court adopted the practice prescribed in the case of Grayson v. The Commonwealth of Virginia, 3 Dall. 320, that when process in common law or in equity shall issue against a state, it shall be served on the governor, or chief executive magistrate, and the attorney general of the state. The Court, in that case, declined issuing a distringas, to compel the appearance of the state; and ordered, as a general rule, that if the defendant, on service of the subpoena, shall not appear at the return day therein, the complainant shall be at liberty to proceed ex parte. And the course of practice has since been to proceed ex parte, if the state does not appear.

[The State of Massachusetts v. The State of Rhode Island.]

And accordingly, in several cases, on the return of the process, orders have been entered; that unless the state, appear by a given day, judgment by default will be entered. And further proceedings have been had in the causes. In the case of Chisholm's Executors v. The State of Georgia, 2 Dall. 419, judgment by default was entered, and a writ of inquiry awarded in February term, 1794. But the amendment of the constitution prevented its being executed. And in other cases, commissions have been taken out for the examination of witnesses. By such proceedings, therefore, showing progressive stages in cases towards a final hearing, and in accordance with this course of practice; the Court, in the case of New Jersey v. New York, adopted the course prescribed by the general order made in the case of Grayson v. The Commonwealth of Virginia; and entered a rule, that the subpœna having been returned, executed sixty days before the return day thereof, and the defendant having failed to appear, it is decreed and ordered, that the complainant be at liberty to proceed ex parte; and that, unless the defendant, on being served with a copy of this decree, shall appear and answer the bill of the complainant, the Court will proceed to hear the cause on the part of the complainant, and decree on the matter of the said bill.

So that the practice seems to be well settled, that in suits against a state, if the state shall refuse or neglect to appear, upon due service of process, no coercive measures will be taken to compel appearance; but the complainant, or plaintiff, will be allowed to proceed ex parte.

If, upon this view of the case, the counsel for the state of Massachusetts shall elect to withdraw the appearance heretofore entered, leave will accordingly be given; and the state of Rhode Island may proceed ex parte. And if the appearance is not withdrawn, as no testimony has been taken, we shall allow the parties to withdraw or amend the pleadings; under such order as the Court shall hereafter make.

Mr. Justice BALDWIN dissented

Mr. Justice STORY did not sit in this case.

On consideration of the motion made by Mr. Webster, on Saturday, the 24th of February, A. D. 1838, for leave to withdraw the

[The State of Massachusetts v. The State of Rhode Island.]

plea filed on the part of the defendant, and the appearance heretofore entered for the defendant; and also of the motion made by Mr. Hazard, on the same day of the present term, for leave to withdraw the general replication to the defendant's answer and plea in bar, and to amend the original bill filed in this case; and of the arguments of counsel thereupon had; as well for the complainant as for the defendant; it is now here considered and ordered by the Court, that if the counsel for the state of Massachusetts shall elect to withdraw the appearance heretofore entered, that leave be and the same is accordingly hereby given; and that the state of Rhode Island may proceed ex parte. But that, if the appearance be not withdrawn, that then, as no testimony has been taken, the parties be allowed to withdraw or amend the pleadings, under such order as the Court shall hereafter make in the premises.

---

## MEMORANDUM.

The Reporter has omitted to state, that in the following cases, Mr. Justice Baldwin dissented.

|                                                              | Page |
| ------------------------------------------------------------ | ---- |
| Martha Bradstreet, Plaintiff in Error v. Anson Thomas,       | 59, 174 |
| John M'Neil v. Lowell Holbrook,                              | 84   |
| Joseph S. Clarke et al. v. William G. W. White,             | 178  |
| The United States v. Mills' Heirs,                          | 215  |
| Moses E. Levy v. Fernando Arredondo et al.                  | 218  |